UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTOINE S. LEE a/k/a Whitney Lee,   Case No. 1:22-cv-354

    Plaintiff,

    Cole, J.
    Bowman, M.J.

v.

TAMLA TAYLOR,

    Defendant.

**REPORT AND RECOMMENDATION**

On June 17, 2022, Plaintiff, proceeding *pro se*, filed an application to initiate litigation without payment of a filing fee against Defendant Tamla Taylor.[1] By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). For the reasons that follow, Plaintiff's complaint should be DISMISSED.

    **I.**    **Plaintiff's History of Litigation in this Court**

Plaintiff has left blank a section of the complaint form that inquires as to "previous lawsuits." (Doc. 1-1 at 4; PageID 49). However, the undersigned takes judicial notice that Plaintiff has initiated at least two other cases *in forma pauperis* that appear to be closely related to the above-captioned case. *See*, *e.g.*, Case No. 1:22-cv-353-MRB-KLL (naming ESA Suites,

---

[1] The Defendant's first name is "Tamla" on the application to proceed *in forma pauperis* and docket, but "Tamala" on the complaint. In the body of the complaint, Plaintiff appears to identify as additional Defendants both Daryl Crowley and ESA Suites. (Doc. 1-1 at 2, PageID 47).

1

Tamla Taylor, and Daryl Croley as Defendants) and Case No. 1:22-cv-352-DRC-KLL (naming Daryl Croley). The same Plaintiff also has filed four prior cases *in forma pauperis*, three of which have been dismissed on initial screening for failure to state a claim and for lack of subject matter jurisdiction. *See*, *e.g.*, Case No. 1:22-cv-113-TSB-KLL (R&R filed 3/18/22 recommending dismissal with prejudice for failure to state a claim and lack of jurisdiction); Case No. 1:21-cv-559-MWM-SKB (civil rights case involving stay at Rest Inn located in Cincinnati, dismissed with prejudice on 1/6/22 for failure to state a claim and for lack of subject matter jurisdiction); Case No. 1:16-cv-1001-SJD-KLL (civil rights case dismissed with prejudice on 11/30/16 for failure to state a claim and for lack of subject matter jurisdiction); *see also* Case No. 2:09-cv-997-GCS-NMK (prisoner civil rights case voluntarily dismissed on 5/18/10).

## II.     Screening Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a

*pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### III. Analysis

### A. Plaintiff's Allegations

In the complaint, Plaintiff alleges that she moved into the Extended Stay America on May 23, 2022, and that the Salvation Army pre-paid for her stay for "a few weeks." (Doc. 1-1

at 3, PageID 48). Plaintiff alleges that Ms. Taylor told Plaintiff to pay her directly, which Plaintiff did by giving Ms. Taylor $330.00 in food stamps. Plaintiff subsequently reported a theft of her wigs from her room, but Plaintiff was unhappy with Ms. Taylor's report and/or alleged lies to the police about the length of Plaintiff's stay. While difficult to follow, Plaintiff generally alleges that Ms. Taylor "kept locking me out of the room" and permitted employees to work there who were "wanted" and "stole items" from Plaintiff's room. Plaintiff seeks $50,000 in damages from Ms. Taylor. (Doc. 1-1 at 4, PageID 49).

### B. This Court Lacks Jurisdiction Over Any Claim

Federal courts are courts of limited jurisdiction. Although Plaintiff has checked "federal question" and "diversity" boxes as the basis for this Court's jurisdiction on the civil cover sheet, the allegations of the complaint do not support jurisdiction under either standard. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, Plaintiff must allege facts showing the claim arises under the Constitution, laws, or treaties of the United States. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Here, Plaintiff's complaint fails to include any factual content from which the Court may reasonably infer that the identified Defendant violated any federal law in a manner that would confer jurisdiction in this Court, or that would state a federal claim. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331 and/or the complaint fails to state a claim.

Plaintiff also fails to include any allegations that would support federal diversity jurisdiction. *See* 28 U.S.C. § 1332. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)). Here, both Plaintiff and the identified Defendant are alleged to be citizens of Ohio. In addition, Plaintiff seeks damages

below the jurisdictional threshold for diversity jurisdiction. Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

Dismissal for lack of subject matter jurisdiction ordinarily is without prejudice, since by definition this Court lacks power to reach the merits of Plaintiff's claims. *See Ernst v. Rising,* 427 F.3d 351, 366 (6th Cir. 2005). However, "[i]n rare circumstances,…a district court may use its inherent power to dismiss with prejudice (as a sanction for misconduct) even a case over which it lacks jurisdiction." *Id*. at 367 (cleaned up, citations omitted); *Revere v. Wilmington Finance*, 406 Fed. Appx. 936, 937 (6th Cir. 2011); *Jones v. United States*, 2021 WL 981298, at *3 (W.D. Tenn. March 16, 2021) (dismissing frivolous case with prejudice notwithstanding lack of subject matter jurisdiction). Given Plaintiff's recent litigation history in this Court, it is fair to consider whether the instant case should be dismissed "with prejudice." However, in part because the two related cases have yet to be screened under § 1915(e), the undersigned recommends that the Court follow the usual rule of dismissing the above-captioned case without prejudice. At the same time, Plaintiff should be expressly forewarned that, should she persist in filing cases *in forma pauperis* that fail to state any cognizable federal claim and articulate no basis for subject matter jurisdiction, future cases may be dismissed with prejudice and she may be deemed to be a vexatious litigator who is subjected to pre-filing restrictions.

## IV. Conclusion and Recommendation

For the reasons stated, this Court lacks subject matter jurisdiction and Plaintiff's complaint fails to state a claim upon which relief may be granted. Because the primary basis for dismissal is the lack of federal jurisdiction, **IT IS RECOMMENDED** that this action be **DISMISSED** without prejudice. However, Plaintiff should be expressly forewarned that if she

continues to file cases that are dismissed under § 1915(e)(2)(B), she may be deemed a vexatious litigator in this Court and/or her cases may be dismissed *with* prejudice. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTOINE S. LEE a/k/a Whitney Lee, | Case No. 1:22-cv-354 |
| Plaintiff, | Cole, J.<br>Bowman, M.J. |
| v. | |
| TAMLA TAYLOR, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).