UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTOINE S. LEE,

        Plaintiff,

   v.

TAMLA TAYLOR,

        Defendant.

Case No. 1:22-cv-354
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

### ORDER

This cause comes before the Court on the Magistrate Judge's July 11, 2022, Report and Recommendation ("R&R") (Doc. 4). The R&R recommends that the Court dismiss without prejudice Plaintiff Antoine S. Lee's (also known as Whitney Lee) Complaint (Doc. 3). It further recommends that the Court certify, pursuant to 28 U.S.C. § 1915(a), that any appeal of this Order would not be taken in good faith, thereby denying Lee leave to appeal in forma pauperis. For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 4) in full. The Court accordingly **DISMISSES** Lee's Complaint (Doc. 3) **WITHOUT PREJUDICE** and **CERTIFIES** pursuant to 28 U.S.C. § 1915(a) that any appeal of this Order would not be taken in good faith.

To start, the R&R advised Lee that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 4, #103). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are

filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, here, Lee needed to object by July 26, 2022. She did not do so.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-CV-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that admonition, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

The R&R notes that, pursuant to 28 U.S.C. §§ 1915 and 1915A, Congress has authorized sua sponte dismissal of in forma pauperis complaints that are frivolous or malicious, or that fail to state a claim upon which relief may be granted. (Doc. 4, #98–99). Here, the R&R found that Lee's Complaint should be dismissed because it fails to set forth any basis for this Court's subject matter jurisdiction. (*Id*. at #100–01). To be clear, the Plaintiff checked both the "diversity" and the "federal question" boxes on the civil cover sheet she submitted with her Complaint. (*Id*. at #100; Civ. Cover Sheet, Doc. 3-2, #96). The problem, though, is that her Complaint does not bear that out. To hear a claim under the diversity jurisdiction, *see* 28 U.S.C. § 1332, that statute requires complete diversity among the parties and an amount in controversy exceeding $75,000, both of which the R&R correctly found that the Complaint failed to allege. (R&R, Doc. 4, #100–01). As for federal question jurisdiction, *see* 28 U.S.C.

2

§ 1331, even construing the Complaint liberally, the Magistrate Judge could not glean a federal cause of action. (R&R, Doc. 4, #100). Having reviewed the Complaint, neither can this Court.

One other potential wrinkle—the statute that authorizes sua sponte screening of in forma pauperis proceedings, 28 U.S.C. § 1915(e)(2), does not expressly include reference to screening for subject matter jurisdiction. Nevertheless, as this Court has previously explained, "the vast majority of case law appears to agree, at least tacitly, that § 1915(e)(2)'s screening function includes th[at] ability." *Howard v. Good Samaritan Hosp.*, No. 1:21-CV-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022) (citing cases). And, even if subject matter jurisdiction does not technically fall within the ambit of § 1915(e)(2)'s screening function, that ends up "largely irrelevant as a practical matter," because "federal courts have an ongoing 'duty to consider their subject matter jurisdiction … and may raise the issue *sua sponte*.'" *Id.* (quoting *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)).

In sum, on the Court's review of the record, the R&R does not reflect clear error. Lee's Complaint does not plausibly allege a basis for either federal question or diversity jurisdiction and, as a result, this Court is not empowered to hear her case.

Finally, the Court notes—and reiterates—the R&R's admonition to Lee: given her litigation history, "should she persist in filing cases in forma pauperis that fail to state any cognizable federal claim and articulate no basis for subject matter jurisdiction, future cases may be dismissed with prejudice and she may be deemed to

3

be a vexatious litigator who is subjected to pre-filing restrictions." (R&R, Doc. 4, #101).

Accordingly, the Court **ADOPTS** the R&R (Doc. 4) in full. The Court therefore **DISMISSES** Lee's Complaint (Doc. 3) **WITHOUT PREJUDICE** and **CERTIFIES** pursuant to 28 U.S.C. § 1915(a) that any appeal of this Order would not be taken in good faith. The Court further **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on the Court's docket.

**SO ORDERED.**

September 2, 2022
**DATE**

DOUGLAS R. COLE
**UNITED STATES DISTRICT JUDGE**